1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HARRISON BURTON,

11              Plaintiff,                       No. 2:13-cv-0169 EFB P

12        vs.

13   RON BARNES, et al.,

14              Defendants.                      <u>ORDER</u>

15   _____/

16        Plaintiff is a state inmate proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in

18   forma pauperis.[1]

19   **I.      Request to Proceed In Forma Pauperis**

20        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

21   His application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by

22   separate order, the court directs the agency having custody of plaintiff to collect and forward the

23   appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

24   _____

25        [1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
     § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local
26   Rules, Appx. A, at (k)(4).

                                               1

**II.      Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A *pro se* plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.* ////

2

1   *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

2   the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

3   **III.   Screening Order**

4        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

5   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

6   the alleged violation was committed by a person acting under the color of state law. *West v.*

7   *Atkins*, 487 U.S. 42, 48 (1988).

8        An individual defendant is not liable on a civil rights claim unless the facts establish the

9   defendant's personal involvement in the constitutional deprivation or a causal connection

10   between the defendant's wrongful conduct and the alleged constitutional deprivation. *See*

11   *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th

12   Cir. 1978). That is, a plaintiff must plead that each defendant, through his own individual

13   actions, has violated the Constitution. *Id.* It is plaintiff's responsibility to allege facts to state a

14   plausible claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Moss v. U.S. Secret*

15   *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

16        The court has reviewed plaintiff's complaint (Dckt. No. 1) and for the limited purposes of

17   § 1915A screening and liberally construed, finds that it states a cognizable Eighth Amendment

18   excessive force claim against defendant Chenoweth, based upon his alleged use of pepper spray

19   on June 26, 2012. *See* Dckt. No. 1.

20        The complaint does not state a claim against Chenoweth based upon the allegation that

21   Chenoweth "grabbed plaintiff's buttock aggressively" during a search. Searches of prisoners

22   must be reasonable to be constitutional. *Nunez v. Duncan*, 591 F.3d 1217, 1227 (9th Cir. 2010).

23   Here, the allegations fail to suggest that the circumstances surrounding Chenoweth's search were

24   unreasonable or otherwise violated plaintiff's constitutional rights. Moreover, the allegations

25   fail to demonstrate that Chenoweth's alleged use of force was wanton and unnecessary. *See*

26   *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (it is "the unnecessary and wanton infliction of

1    pain," i.e., infliction of suffering that is "totally without penological justification," that violates

2    the Eighth Amendment); *Hudson v. McMillian*, 503 U.S. 1 at 9 (1992) (not every "malevolent

3    touch" by a prison guard is actionable as an Eighth Amendment violation).

4            Nor does the complaint state a claim against defendant Warden Barnes.  Although

5    plaintiff names Warden Barnes as a defendant, he includes no allegations against him.  Plaintiff

6    may not sue any official on the theory that the official is liable for the unconstitutional conduct

7    of his or her subordinates.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).  Rather, a plaintiff

8    must plead that each defendant, through his own individual actions, has violated the

9    Constitution.  *Id.*  It is plaintiff's responsibility to allege facts to state a plausible claim for relief.

10   *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

11           Thus, plaintiff may proceed with his Eighth Amendment claim against defendant

12   Chenoweth based upon the alleged use of pepper spray, or he may amend his complaint to

13   attempt to cure the deficiencies identified above.  Plaintiff is not obligated to amend his

14   complaint.

15           Any amended complaint must be written or typed so that it so that it is complete in itself

16   without reference to any earlier filed complaint.  L.R. 220.  This is because an amended

17   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

18   earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

19   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

20   being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

21   1967)).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an

22   amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

23   complaints).

24           If plaintiff chooses to proceed only on his Eighth Amendment claim against defendant

25   Chenoweth, as identified herein, the court will construe plaintiff's election as his voluntary

26   dismissal of all remaining claims and defendants, without prejudice.

                                                    4

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The allegations in the pleading are sufficient at least to state a cognizable Eighth Amendment excessive force claim against defendant Chenoweth, based upon the alleged use of pepper spray. *See* 28 U.S.C. § 1915A.

4. All other claims and defendants are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

5. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the January 28, 2013 complaint, one USM-285 form and instructions for service of process on defendant Chenoweth. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and two copies of the endorsed complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendant Chenoweth will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure. In this event, the court will construe plaintiff's election to proceed forthwith as his voluntary dismissal of all remaining claims and defendants, without prejudice.

6. Failure to comply with this order may result in this action being dismissed.

Dated: May 13, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                  FOR THE EASTERN DISTRICT OF CALIFORNIA

7    HARRISON BURTON,

8              Plaintiff,                    No. 2:13-cv-0169 EFB P

9         vs.

10   RON BARNES, et al.,

11             Defendants.             NOTICE OF SUBMISSION OF DOCUMENTS

12   _____/

13        In accordance with the court's Screening Order, plaintiff hereby elects to:

14        (1)  _____   proceed only with the cognizable claims identified in the court's

15   Screening Order, consent to the dismissal of all remaining claims and defendants, and submits

16   the following documents:

17             __1__       completed summons form

18             __1__       completed forms USM-285

19             __2__       copies of the endorsed January 28, 2013 complaint

20   **OR**

21        (2)  _____   delay serving any defendant and files an amended complaint in

22   accordance with the court's Screening Order.

23   Dated:

24

25                                  _____
                                             Plaintiff

26