UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARRISON BURTON,

    Plaintiff,

  v.

RON BARNES, et al.,

    Defendants.

No. 2:13-cv-0169-EFB P

ORDER

Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983.[1] By order filed June 18, 2013, his action was dismissed without prejudice due to his failure to comply with the court's May 13, 2013 order. ECF No. 13. Judgment was entered on the same day. ECF No. 14. On June 24, 2013, after the case was closed, plaintiff informed the court that he did not have access to his legal property and requested another copy of the May 13 order. ECF No. 15. On June 28, 2013, plaintiff filed a motion for reconsideration of the order of dismissal, which the court construes as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. ECF No. 16. For the reasons stated herein, plaintiff's motion is granted.

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

As a threshold matter, the court must determine whether it has jurisdiction to entertain the motion. On the same day plaintiff filed his motion for relief from judgment, he filed a notice of appeal. ECF No. 17. In general, a district court is divested of jurisdiction over any matter which is the subject matter of the appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (stating that "[t]he filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"). However, where a Rule 60(b) motion for relief from judgment is pending (and was filed no later than 28 days after the judgment was entered) the notice of appeal is not effective until the district court disposes of that motion by order. Fed. R. App. P. 4(a)(4)(B)(i).[2] Here, plaintiff filed his Rule 60(b) motion within 28 days after judgment was entered. Therefore, the notice becomes effective upon the entry of an order disposing of the instant motion and the notice of appeal does not divest this court of jurisdiction to rule on plaintiff motion.

Plaintiff's motion indicated that at the time he was required to respond to the order he had been placed in administrative segregation and all of his property, including legal materials, were removed and unavailable to him. Thus, he was unable to timely comply with the order which ultimately led to the dismissal for failure to prosecute. This is a sufficient basis to establish good cause for granting relief from judgment under Rule 60(b).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for relief from judgment (ECF No. 16) is granted;
2. This court's June 18, 2013 order and the judgment entered thereon (ECF Nos. 13, 14) are vacated;
3. The Clerk of the Court shall mail to plaintiff another copy of the May 13, 2013 order (ECF No. 10), along with the documents listed therein on page five, paragraph 5; and

/////

---

[2] Fed. R. App. P. 4(a)(4)(B)(i) states that "If a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of any motion listed in Rule 4(a)(4)(A)-- the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."

4. Plaintiff shall, within thirty days of the date of this order, file an amended complaint or return documents for service of process, as instructed in the May 13, 2013 order. Failure to comply with this order may result in dismissal of this action.

Dated: August 20, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE