UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRISON BURTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. CHENOWETH,[1]<br><br>　　　　Defendant. | No. 2:13-cv-169-TLN-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He alleges that defendant Chenoweth used excessive force in violation of the Eighth Amendment when he sprayed plaintiff with pepper spray on June 26, 2012. Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b), which for the reasons discussed below the court treats as a motion for summary judgment, *see* Fed. R. Civ. P. 12(d), on the ground that plaintiff failed to exhaust his administrative remedies prior to filing suit.[2]  ECF No. 33. Plaintiff opposes defendant's motion. ECF No. 38. For the following reasons, defendant's motion, construed as a motion for summary judgment, must be granted.

---

[1] The Clerk shall update the caption to reflect that J. Chenoweth is the sole defendant.

[2] The court need not address defendant's alternate arguments for dismissal. As discussed herein, the court finds that plaintiff's claim is unexhausted, and exhaustion is a prerequisite to suit. *See* 42 U.S.C. § 1997e(a).

1

**I.  Exhaustion under the PLRA**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ."  18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002).  To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself.  *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the action requested.  The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions.  *See* Cal. Code Regs. tit. 15, § 3084.7.  Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims.  *Id.* § 3084.1(b).

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]"  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  For a remedy to be "available," there must be the "possibility of some relief . . . ."  *Booth*, 532 U.S. at 738.  Relying on *Booth*, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

/////

Failure to exhaust is "an affirmative defense the defendant must plead and prove." *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007). To bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted).

A motion asserting an affirmative defense such as failure to exhaust may be brought under Rule 12(b)(6) or Rule 56 depending on whether the factual predicate for the motion is based on the text of the pleading or instead depends upon evidence submitted with the motion. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (*en banc*); *Jones*, 549 U.S. at 215 ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief."). Here, defendant has included with his motion to dismiss certain affidavits and exhibits to establish the factual predicate for the motion. Resolution of the motion necessarily requires the court to consider those affidavits and exhibits for the purpose of determining whether plaintiff has, in fact, failed to exhaust his administrative remedies. Such a motion must be treated as a motion for summary judgment. Fed. R Civ. P. 12(d). The court therefore construes defendant's motion as a motion for summary judgment. If under the Rule 56 summary judgment standard, the court concludes that plaintiff has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1120, *overruled on other grounds by Albino*, 747 F.3d 1162.

**II.  Summary Judgment Standard**

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury

to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to

make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the

5

1   proponent must adduce evidence of a factual predicate from which to draw inferences. *American*

2   *Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J.,

3   dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at

4   issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th

5   Cir. 1995). On the other hand, "[w]here the record taken as a whole could not lead a rational trier

6   of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475

7   U.S. at 587 (citation omitted); *Celotex*, 477 U.S. at 323 (if the evidence presented and any

8   reasonable inferences that might be drawn from it could not support a judgment in favor of the

9   opposing party, there is no genuine issue). Thus, Rule 56 serves to screen cases lacking any

10  genuine dispute over an issue that is determinative of the outcome of the case.

11         Both Rule 12(d) and Ninth Circuit case law pertaining to in-custody pro se plaintiffs

12  require that adequate and timely notice be provided to the plaintiff which reasonably apprises him

13  of his burden to oppose defendant's motion. *See Woods v. Carey*, 684 F.3d 934, 938 (9th Cir.

14  2012) (requiring such notice for summary judgment motions, citing *Rand v. Rowland,* 154 F.3d

15  952, 961 (1998)); *Stratton v. Buck*, 697 F.3d 1004, 1006 (9th Cir. 2012) (requiring such notice for

16  motions to dismiss for failure to exhaust administrative remedies where evidence extrinsic to the

17  complaint is submitted); *see also Albino*, 747 F.3d at 1166 (providing that a motion for summary

18  judgment, and not a motion to dismiss, is the proper means of asserting the defense of failure to

19  exhaust, where evidence extrinsic to the complaint is submitted). Defendant's motion included

20  notice to plaintiff informing him of the requirements for opposing a motion predicated on his

21  alleged failure to exhaust available administrative remedies, including the warning that if plaintiff

22  failed to submit evidence in opposition (such as declarations or other documents), his case (or any

23  unexhausted claims) could be dismissed and there would be no trial.[3]

---

[3] The notice served with defendant's motion (ECF No. 33 at 2) provided plaintiff adequate information apprising him of the requirements for a response to a motion for summary judgment for failure to exhaust administrative remedies, including the crucial information that he could submit evidence including declarations bearing on his assertions of exhaustion and that the failure to do so could result in his case ending. Because that notice reasonably apprised plaintiff of his burden and his right to submit a declaration or other evidence, it satisfies the requirements of *Rand*, 154 F.3d at 961. *See Stratton v. Buck*, 697 F.3d 1004, 1006 (9th Cir. 2012) (requiring that

### III. Discussion

Plaintiff filed the instant action on January 28, 2013. ECF No. 1. Accordingly, the court must determine whether plaintiff exhausted his administrative remedies regarding his excessive force claim against Chenoweth prior to that date, and if not, whether plaintiff may be excused from the pre-filing exhaustion requirement. *See Sapp v. Kimbrell*, 623 F.3d 813, 823-24 (9th Cir. 2010).

Defendant's evidence shows that plaintiff failed to complete the exhaustion process prior to commencing this action. *See* ECF No. 33-2 ("Zamora Decl.") ¶ 11, Ex. D; ECF No. 33-3 ("Cornelison Decl.") ¶ 8, Ex. E. The evidence shows that plaintiff submitted an administrative grievance (log number HDSP-D-12-02848) regarding the claim that plaintiff now asserts against Chenoweth in this action. Cornelison Decl., Ex. E. The grievance was granted in part at the Second Level on January 11, 2013. *Id.*, Ex. E. It was received at the Third Level on January 28, 2013, and again on March 18, 2013, but was screened out both times for failure to attach supporting documents. Zamora Decl., Ex. A at 6. The grievance was not accepted for formal review at the Third Level until April 15, 2013, and was not denied until June 14, 2013, nearly five months after plaintiff commenced this action. *Id.* ¶ 11, Ex. A at 3, Ex. D. Thus, defendant has shown that plaintiff filed this action prematurely, before his grievance addressing the incident giving rise to this lawsuit was resolved. That is, there is no dispute as to any genuine issue of material fact regarding plaintiff's exhaustion of administrative remedies.

To defeat defendant's motion, plaintiff must demonstrate that there is a genuine dispute over a material issue of fact as to whether he actually exhausted available remedies, or as to whether he should be excused from the exhaustion requirement.

/////

/////

---

the notice accompanying a failure to exhaust motion explain "the requirements for a response . . . and the consequence if the district court granted the motion"); *Woods v. Carey*, 684 F.3d 934, 938 (9th Cir. 2012) (citing *Rand*, 154 F.3d at 960-61, and requiring that the notice accompanying a summary judgment motion notify plaintiff of "his right to file counter-affidavits or other evidentiary material, that his failure to do so may result in summary judgment against him, and that his loss on summary judgment would terminate the litigation").

1     Plaintiff explains in his opposition that he initially filed one appeal concerning the events
2 of June 26, 2012.  That appeal, filed September 3, 2012, challenged Chenoweth's use of force, as
3 well as a resulting rules violation report issued against plaintiff.  ECF No. 38 at 2, Ex. A.
4 Plaintiff claims that on September 6, 2012, the appeals coordinator improperly "split" this appeal
5 into two separate appeals because it concerned two separate issues.  *Id.*  Plaintiff claims he did not
6 receive notice that his appeal had been split in this manner.  *Id.* at 3.  In the same breath, however,
7 plaintiff reveals that he was notified no later than October 18, 2012, that appeal log number
8 HDSP-D-12-02848 had been processed as a staff complaint and partially granted at the first level
9 of review.  *Id.* at 4, Ex. B.  Thus, plaintiff was notified quite early in the appeals process that his
10 appeal had been split into two.  The fact that the appeals coordinator split plaintiff's appeal into
11 two separate appeals, and promptly notified plaintiff of the same, in no way excuses plaintiff's
12 failure to complete the exhaustion process prior to commencing this action.
13     Next, plaintiff suggests that his remedies were "deemed" exhausted when the First Level
14 partially granted his appeal on October 18, 2012.  *Id.* at 4.  A partial grant of an appeal at a lower
15 level only satisfies the exhaustion requirement where it leaves no further remedies available.
16 *Harvey v. Jordan*, 605 F.3d 681, 685 (9th Cir. 2010); *Cunningham v. Ramos*, No. C-11-0368-RS,
17 2011 U.S. Dist. LEXIS 85997, at *6-7 (N.D. Cal. Aug. 3, 2011) ("Plaintiff . . . misinterprets the
18 holding in *Brown* when he argues that administrative remedies are deemed exhausted when a
19 partially granted finding is given at any time throughout the appeals process . . . a partially
20 granted finding is not dispositive of the exhaustion process when . . . further administrative relief
21 is available.").  Here, the First Level partially granted plaintiff's appeal in that it determined that
22 the "appeal inquiry is complete, has been reviewed and all issues were adequately addressed."
23 ECF No. 38, Ex. A.  The response also concluded that Chenoweth had not violated CDCR policy
24 and informed plaintiff that his administrative remedies would not be considered exhausted until a
25 decision was rendered at the Third Level.  *Id.*  Thus, plaintiff was fully aware that additional
26 remedies were available to him after the First Level issued its decision.  Plaintiff utilized those
27 remedies by submitting his grievance to the Second and Third Levels.  Plaintiff ultimately chose
28 to file suit before those remedies were fully exhausted through the Third Level decision on June

1  14, 2013, in violation of the PLRA's exhaustion requirements.  Plaintiff does not dispute the fact
2  that the Third Level did not review and render a decision on his excessive force claim until after
3  this action was filed.

4  Nevertheless, plaintiff suggests he should be excused from the exhaustion requirement
5  because Chenoweth had notice of plaintiff's claim against him from the date he initially filed his
6  grievance.  ECF No. 38 at 6.  Proper exhaustion, however, demands compliance with an agency's
7  deadlines and other critical procedural rules[.]" *Woodford*, 548 U.S. at 90.  Whether or when
8  Chenoweth learned of plaintiff's claim against him is irrelevant to the exhaustion analysis.

9  Because there is no dispute that plaintiff failed to comply with the proper exhaustion
10 procedure, and or that his failure in this regard should be excused, defendant's motion must be
11 granted.  *See McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have
12 written a statute making exhaustion a precondition to judgment, but it did not.  The actual statue
13 makes exhaustion a precondition to suit."); *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir.
14 2006) (prisoner brings an action for purposes of 42 U.S.C. § 1997e when he submits his
15 complaint to the court).

16 Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss
17 (ECF No. 33), construed as a motion for summary judgment, be granted, and that this action be
18 dismissed without prejudice.

19 These findings and recommendations are submitted to the United States District Judge
20 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
21 after being served with these findings and recommendations, any party may file written
22 objections with the court and serve a copy on all parties.  Such a document should be captioned
23 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
24 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
25 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

26 Dated:  July 3, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE